IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:25-CR-00145-M-1

UNITED STATES OF AMERICA,

     Plaintiff,

v.

ELIHUE MARTIN MAHLER,

     Defendant.

ORDER

This matter comes before the court following Defendant's absence from his *Faretta* hearing on March 3, 2026. DE 91. As explained in greater detail below, the court CONTINUES that hearing Tuesday, March 17, 2026, at 10:30 a.m., HOLDS DEFENDANT IN CONTEMPT, WARNS Defendant that his actions may result in his being tried in absentia, and DIRECTS the United States to provide Defendant with a copy of this order.

At the previous hearing, on February 5, 2026, the court permitted Defendant's appointed counsel to withdraw due to a complete breakdown in the attorney client relationship. DE 90. The court then asked Defendant whether he wanted the court to order the appointment of new counsel; Defendant responded, "no, sir, not at all," and then further informed the court that he desired to "operate *suis juris*" under several provisions of the Uniform Commercial Code. Trans. at 4. The court informed Defendant that the Uniform Commercial Code does not govern federal criminal proceedings, discussed the importance of Defendant's participation in his own trial, and then scheduled a *Faretta* hearing following appropriate time for Defendant to "adequately understand and . . . engage in any necessary legal research" prior to the *Faretta* hearing. Trans. at 10. The court scheduled the hearing for March 3, 2026.

The morning of March 3, 2026, the court received an email from the United States Marshals Service reporting that Defendant refused to leave his jail cell and inquiring as to whether the court wanted Defendant to be extracted by force. The court declined out of an abundance of caution, recognizing the tension raised by asking whether Defendant would knowingly, intelligently, and voluntarily waive his right to counsel at a hearing Defendant was involuntarily present for. *See Faretta v. California*, 422 U.S. 806, 819 (1975). Thus, Defendant did not attend his March 3, 2026, *Faretta* hearing.

For his refusal to attend the hearing, the court HOLDS DEFENDANT IN CONTEMPT. The court will schedule appropriate contempt proceedings following resolution of the instant criminal case. The court further CONTINUES Defendant's *Faretta* hearing to Tuesday, March 17, 2026, at 10:30 a.m. Consistent with the above reasoning, the court will not force Defendant to attend that hearing. If Defendant attends the hearing, the court will make all necessary inquiries and engage in the appropriate discussions regarding Defendant's desire for self-representation in this matter.

If, however, Defendant again refuses to attend the hearing, the court will not schedule another. "[T]he right of self-representation is not absolute," *Indiana v. Edwards*, 554 U.S. 164, 171 (2008), as it is neither "a license to abuse the dignity of the courtroom" nor to ignore the "relevant rules of procedural and substantive law," and "the trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct," *Faretta*, 422 U.S. at 834 n. 46. Indeed, "the Constitution permits judges to take realistic account of the particular defendant's mental capacities by asking whether a defendant who seeks to conduct his own defense at trial is mentally competent to do so." *Edwards*, 554 U.S. at 177–78; *see also United States v. Bernard*, 708 F.3d 583, 589 (4th Cir. 2013). Thus, should Defendant refuse to

2

attend the continued *Faretta* hearing, the court will deny his request to represent himself and order the appointment of competent counsel.

As the court told Defendant at last hearing, it remains the court's desire for Defendant to "[have] a full opportunity to participate in this proceeding and all other proceedings." Trans. at 10. Defendant has the constitutional right to attend his own trial, and the court will continue to "indulge every reasonable presumption against the loss of constitutional rights." *Illinois v. Allen*, 397 U.S. 337, 343 (1970). But "a defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom." *Id.* Defendant has already demonstrated disorderly, disruptive, and disrespectful behavior. Consistent with *Allen*, the court WARNS Defendant that, should he continue to conduct himself in such a manner, the court will conduct his trial without him.

The court has determined that the ends of justice served by continuing this hearing outweigh the best interests of the public and Defendant in a speedy trial. Any delay occasioned by the continuance shall therefore be excluded in computing Defendant's speedy-trial time. *See* 18 U.S.C. § 3161(h)(7).

The United States is directed to provide Defendant with a copy of this order.

SO ORDERED this ___3ᵈ___ day of March, 2026.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

3